903.07045 JO/fn

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS WORSHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.   08 CV 62 |
| | ) | |
| JOHN A. POLSON and GB TRANSPORT, LTD., | ) | Judge Hibbler |
| | ) | |
| Defendants. | ) | Mag. Judge Ashman |

**RESPONSE MEMORANDUM**

NOW COME defendants GB TRANSPORT, LTD. and JOHN A. POLSON, by and through their attorneys Chilton Yambert & Porter LLP and for their Memorandum in opposition to plaintiff's Motion for Remand, state as follows:

1.   Plaintiff filed a Complaint in the Circuit Court of Cook County arising from a motor vehicle collision that occurred on January 27, 2006, on I-294 in Cook County, Illinois. The Complaint seeks a judgment against the defendants in an amount in excess of $50,000.00.

2.   In his Complaint, plaintiff alleges, among other things, that as a result of the negligence of defendants, he sustained "lost wages from his employment; has occurred various hospital and doctor bills; and the plaintiff's vehicle was damaged and reduced in use and value."

3.   On January 2, 2008, defendants filed a Notice of Removal based upon diversity of jurisdiction.

4.   On February 1, 2008, plaintiff filed a Motion for Remand arguing that the defendants have not offered evidence that the amount in controversy exceeds $75,000.00 so as satisfy diversity of jurisdiction.

ANALYSIS

5.  Diversity jurisdiction is determine at the outset of the case. E.g. Century Sur. Co. v. John B., Inc., not reported in F.Supp.2d, 2006 WL 140551 *2 (N.D.Ill.); Geschke v. Air Force Ass'n, 425 F.3d 337, 341 (7th Cir. 2005). The court must evaluate only the evidence that was available when the Notice of Removal was filed. Hood v. Dryvit Systems, Inc., not reported in F.Supp.2d, 2004 WL 2106601, *2 (N.D.Ill.) citing Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). "Therefore, this court must determine: (1) what evidence of the amount in controversy was available at the time of removal; and (2) does that evidence prove, to a reasonable probability, that the jurisdictional amount was met." Id. Citing Chase, 110 F.3d at 428.

6.  The only evidence in the record at the time of removal about the amount in controversy was the plaintiff's Complaint. When the Complaint has no ad damnum clause specifically asking for damages in excess of $75,000.00, the defendant must prove by a preponderance of the evidence that the amount in controversy at the time of removal was greater than $75,000.00. Andres v. E.I. DuPont de Nemours and Co., 447 F.3d 510, 515 (7th Cir. 2006); Hernandez v. Schering Corp., not reported in F.Supp.2d, 2005 WL 1126911, *1 (N.D.Ill.) citing Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F3d 424, 427 (7th Cir.1997). This burden is met with "competent proof, such as evidence which proves to a reasonable probability that jurisdiction exists." Id.; Chase, 110 F.3d at 427.

7.  The evidence used may simply be a common sense reading of plaintiff's Complaint. Morrow v. Daimler Chrysler Corp., 451 F.Supp.2d 965, 967 (N.D.Ill. 2006); Marrs v. Quickway Carriers Inc., Slip Copy, 2006 WL 2494746, *3 (N.D.Ill.).

8. "Only if it were legally impossible for [the plaintiff] to win on claims totaling more than $75,000.00 would [the] suit fail for want of jurisdiction." Century Sur. Co. v. John B., Inc., not reported in F.Supp.2d, 2006 WL 140551 (N.D.Ill.) citing Geschke v. Air Force Ass'n, 425 F3d 337, 341 (7th Cir. 2005).

9. The present case is similar to Marrs v. Quickway Carriers Inc. In Marrs, the plaintiff sought damages for personal injuries she sustained in a motor vehicle accident. Marrs v. Quickway Carriers Inc., Slip Copy, 2006 WL 2494746, *1-3 (N.D.Ill.). The court found that defendants should have been put on notice that the amount in controversy was over $75,000.00 from the face of the Complaint – "if a plaintiff alleges severe and permanent injuries and seeks damages for lost income, a defendant is on notice that the case if removable and should remove the case within thirty days of receipt of the Complaint." Marrs, 2006 WL 2494746 *3 citing McCoy by Webb v. General Motors Corp., 226 F.Supp.2d 939, 942 (N.D.Ill. 2002).

10. As this court is aware, the Northern District of Illinois used to have a local rule (LR 81.2) which required defendants to obtain answers to interrogatories or responses to requests for admission about the amount in controversy before seeking removal. For the cogent reasons explained in the Committee Comment to the withdrawn rule, Local Rule 81.2 was repealed effective April 21, 2005. Assuming for purposes of argument that such a discovery exercise was employed and the plaintiff in this case were to object to any such discovery requesting a commitment on the amount in controversy, then the only evidence about the amount in controversy available to this court would be that contained in the allegations of the plaintiff's Complaint. Simply put, if a plaintiff wants to avoid removal, then she would need to make allegations which do not extol the severity of her injuries and claimed damages, or file her lawsuit in a division of the state court which has caps on recovery.

11. A common sense reading of the allegations contained in this plaintiff's Complaint evince a reasonable probability that her claim is in excess of $75,000.00. Thus, plaintiff's Motion for Remand should be denied.

12. Additionally, it is believed that the plaintiff has accumulated more than $30,000.00 in medical specials for treatment related a rotator cuff tear and low back pain, among other injuries.

13. Furthermore, plaintiff's counsel and the undersigned counsel have discussed this matter telephonically, at which time plaintiff's counsel indicated to the undersigned counsel that plaintiff could not in good conscience stipulate that the relief sought at trial will be than less than $75,000.00.

WHEREFORE, defendants, GB TRANSPORT, LTD. and JOHN A. POLSON, move this Honorable Court for the entry of an Order denying the plaintiff's Motion for Remand.

                                                            *s/Jason Orleans*
                                                            CHILTON YAMBERT PORTER & YOUNG LLP
                                                            By: Jason Orleans
                                                            Attorneys for Defendants

Jason Orleans
CHILTON YAMBERT PORTER & YOUNG LLP
325 Washington Street, S-200
Waukegan, IL  60085
847/625-8200
847/625-8262 – Fax